# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: SIOMARA NEIDERMYER | : | Case No.: 16-22082-JRS |
| | : | |
| Debtor | : | |
| | : | Chapter 13 |
| _____ | : | |
| SIOMARA NEIDERMYER | : | |
| | : | Adversary No.: _____ |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| NORTHEAST GEORGIA HEALTH | : | |
| SYSTEM, INC. d/b/a | : | |
| Northeast Georgia Medical Center | : | |
| | : | |
| Defendant | : | |

## COMPLAINT FOR DAMAGES IN A CORE ADVERSARY PROCEEDING

### Introduction

This is an action for damages, actual and punitive, arising out of the Defendant's repeated, willful violations of the Automatic Stay imposed for the protection of the Plaintiff and her creditors by 11 U.S.C. § 362(a). Notwithstanding its actual notice of the Plaintiff's bankruptcy and its inclusion as a creditor, Defendant has systematically instituted and continued efforts to collect its debt directly from the Plaintiff, including referring her account to outside collection agencies.

### Parties, Jurisdiction, And Venue

1.  This is a core proceeding in that it arises in and is related to the above-captioned Chapter 13 case and under Title 11 of the United States Code.

2.  This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

1

3. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

4. The Plaintiff in this case is a debtor under Chapter 13 of Title 11 of the United States Code, case number 16-22082-JRS, which case is presently pending before this court. The Plaintiff is hereinafter referred to as the Plaintiff or the debtor.

5. The Defendant, Northeast Georgia Health System, Inc. d/b/a Northeast Georgia Medical Center, (hereinafter "Northeast Georgia") is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 743 Spring Street NE in Gainesville, Georgia 30501.

6. The Defendant can be and has been served with this complaint in accordance with Fed. R. Bank. P. 7004.

**Factual Allegations**

7. Debtor filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code on October 14, 2016 and an order for relief was entered commencing the case on that date ("Bankruptcy Case").

8. In the Bankruptcy Case, the Debtor scheduled Northeast Georgia as an unsecured creditor holding a debt owed by the Plaintiff (hereinafter referred to as the "Claim"). (See Doc. #1, p. 28, Sched. F).

9. Northeast Georgia was served with notice of the commencement of Debtor's bankruptcy case and its inclusion as a creditor by the Bankruptcy Noticing Center on October 19, 2016 (See Doc. #12).

10. The notice served upon the Defendant contained specific information about the Automatic Stay imposed by 11 U.S.C. § 362(a) and an admonition as to the consequences that could flow from a violation of the Stay. The pertinent portion of the notice is reproduced below,

2

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | Siomara Neidermyer | Social Security number or ITIN | xxx-xx-5714 |
| | First Name    Middle Name    Last Name | EIN | __-_____ |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN | ____ |
| | | EIN | __-_____ |
| United States Bankruptcy Court   Northern District of Georgia | | Date case filed for chapter  13 | 10/14/16 |
| Court website: www.ganb.uscourts.gov | | | |
| Case number:   16-22082-jrs | | | |

Official Form 309I
**Notice of Chapter 13 Bankruptcy Case**                                12/15

For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.
This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

11.     Debtor proposed a reorganization plan which was confirmed by this Court on December 22, 2016 which provided for the treatment and payment of Defendant's claim. (See Doc. #36).

12.     Northeast Georgia was served with the Order confirming Debtor's plan by the Bankruptcy Noticing Center on December 24, 2016. (See Doc. #38).

13.     Upon information and belief, and after receiving actual notice of the Plaintiff's bankruptcy case and its inclusion as a creditor, Northeast Georgia referred its claim to a collection agency, Computer Credit Inc., (hereinafter "CCI"), for the sole purpose of collecting the debt outside the bankruptcy and contrary to the terms of the confirmed plan.

14.     Thereafter CCI began collection activities against the Debtor, including sending her a collection letter dated February 3, 2017. A copy of this collection letter is filed herewith and attached as Exhibit 1.

15.     On April 11, 2017, Plaintiff sent CCI a letter informing them of the debt's inclusion in her bankruptcy case. A copy of this letter is filed herewith and attached as Exhibit 2.

3

16. Upon information CCI thereafter returned the account to Defendant with the information that the debt was included in Plaintiff's bankruptcy.

17. Northeast Georgia then referred its claim to a second collection agency, First Financial Asset Management, Inc. (hereinafter "First Financial") for the sole purpose of collecting the debt outside the bankruptcy and contrary to the terms of the confirmed plan.

18. Upon receipt of the account from Defendant, First Financial began collection activities against the Debtor, including sending a collection letter dated March 19, 2018. A copy of the collection letter is attached as Exhibit 3.

19. The debt owed to Northeast Georgia is subject to the Automatic Stay as set forth in 11 U.S.C. §362(a).

20. The actions of the Defendant as described herein were intentional and undertaken with full knowledge of the Plaintiff's bankruptcy and the Defendant's inclusion as a creditor.

21. The Defendant violated the Stay provisions of 11 U.S.C. § 362(a).

22. The Defendant's violations of the Automatic Stay were "willful". See, *Moncada v. Ga. Heritage Bank (In re Moncada)*, No. 16-21407-JRS, 2016 Bankr. LEXIS 4221 (Bankr. N.D. Ga. Dec. 9, 2016); see also *Mitchell Constr. Co. v. Smith (In re Smith),* 180 B.R. 311, 319 (Bankr. N.D. Ga. 1995); *In re Roche*, 361 B.R. 615 (Bankr. N.D. Ga 2006).

23. The conduct of the Defendant as described herein is not an isolated instance. On the contrary it represents a pattern and practice of disregarding the Orders of this Court and continuing its collection efforts against individual consumers who are subject to either Stay or Discharge Orders or both.

24. This Court is empowered to grant the relief requested pursuant to §§362(k) and 105 of the Bankruptcy Code.

**Claim For Relief**

4

24. The allegations contained in the foregoing paragraphs are realleged and incorporated herein by this reference.

25. The actions of the Defendant in causing the improper demands for payment to be sent to the debtor, constitutes a gross violation of the automatic stay as set forth in 11 U.S.C. § 362(a)(3).

26. As a result of the above violations of 11 U.S.C. § 362, the Defendant is liable to the Plaintiff for actual damages, punitive damages and legal fees.

**WHEREFORE,** the Plaintiff having set forth her claims for relief against the Defendant respectfully pray of the Court as follows:

a) That the Plaintiff has and recover against the Defendant a sum to be determined by the Court in the form of actual damages;

b) That the Plaintiff has and recover against the Defendants a sum to be determined by the Court in the form of punitive damages;

c) That the Plaintiff has and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney;

d) That the underlying debt to the Defendant be forever canceled and discharged; and

e) That the Plaintiff has such other and further relief as the Court may deem just and proper.

*/s/ Matthew T. Berry*
Matthew T. Berry, 055663
Counsel For the Debtor
Berry & Associates
2751 Buford Highway, Suite 400
Atlanta, GA 30324
Ph. (404) 235-3334; Fax (404) 235-3333
matt@mattberry.com

5